Z. KATHRYN BRANSON, ESQ., Bar # 11540
NEIL C. BAKER, ESQ., Bar # 14476
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:   702.862.8800
Fax No.:        702.862.8811
Email: kbranson@littler.com
Email: nbaker@littler.com

Attorneys for Defendant
ALLIANCE RESIDENTIAL COMPANY, LLC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLAN DOHERTY, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>ALLIANCE RESIDENTIAL COMPANY, LLC.; DOES I through X; and ROE Corporations XI and XX, inclusive,<br><br>   Defendants. | Case No.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**(28 U.S.C. §§ 1331, 1332, 1367, 1441, AND 1446)**<br><br>**(FEDERAL QUESTION AND DIVERSITY)** |

TO CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Please take notice that Defendant ALLIANCE RESIDENTIAL COMPANY, LLC ("Alliance"), hereby removes this action from the Eighth Judicial District Court in and for Clark County, Nevada, to this Court under 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. Alliance seeks this timely removal on the bases of the Court's federal question, diversity, and supplemental jurisdiction. In support of this Notice of Removal, Alliance make the following statement:

1. On November 16, 2020, Plaintiff ALLAN DOHERTY ("Plaintiff") filed a Complaint with Jury Demand (the "Complaint" or "Compl.") in the Eighth Judicial District Court in and for Clark County, Nevada, entitled *Allen Doherty v. Alliance Residential Company, LLC* (Case No. A-20-824817-C). A true and correct copy of the Complaint is attached here as **Exhibit 1**.

2. Alliance first received a copy of the initial pleading setting forth the claims for relief in this matter on January 29, 2021, when Plaintiff effected service of the summons and Complaint on

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1  Alliance. A true and correct copy of the summons is attached here as **Exhibit 2**. A true and correct
2  copy of the proof of service is attached here as **Exhibit 3**. Because Alliance seeks removal within 30
3  days January 29, 2021, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1).

4      3. Plaintiff alleges four causes of action in his Complaint: (1) Disability
5  Discrimination/Harassment under 42 U.S.C. § 12101 *et seq.* and NRS 613.330; (2) Retaliation under
6  42 U.S.C. §§ 12101 *et seq.* and 12203 and NRS 613.340; (3) Negligent Hiring, Training, and
7  Supervision; and (4) Luring under False Pretenses under NRS 613.010. (Compl. ¶¶ 38–70.)

8      4. The Court has original jurisdiction over "all civil actions arising under the Constitution,
9  laws, or treaties of the United States." 28 U.S.C. § 1331 (federal question). In addition, the Court has
10 supplemental jurisdiction "over all other claims that are so related to claims in the action within such
11 original jurisdiction that they form part of the same case or controversy under Article III of the United
12 States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy
13 when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal
14 claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004)
15 (citations and internal quotation marks omitted). The Ninth Circuit has explained that the exercise of
16 supplemental jurisdiction is mandatory "unless a court properly invokes a section 1367(c) category."
17 *Executive Software v. Dist. Court*, 24 F.3d 1545, 1556 (9th Cir. 1994); *see* 28 U.S.C. § 1367(c)
18 (providing that a district court may decline supplemental jurisdiction only if (1) "the claim raises a
19 novel or complex issue of State law"; (2) "the claim substantially predominates over the claim or
20 claims over which the district court has original jurisdiction"; (3) the district court has dismissed all
21 claims over which it has original jurisdiction"; or (4) "in exceptional circumstances," where "there are
22 other compelling reasons for declining jurisdiction").

23     a. As his First Cause of Action, Plaintiff alleges Disability
24 Discrimination/Harassment under 42 U.S.C. § 12101 *et seq.* and NRS 613.330. (Compl.
25 ¶¶ 38–47.) To the extent the claim arises under 42 U.S.C. § 12101 *et seq.*, this Court has
26 federal question jurisdiction over the First Cause of Action because it arises "under the . . .
27 laws . . . of the United States." *See* 28 U.S.C. § 1331. To the extent the claim arises under
28 Nevada law, this Court has supplemental jurisdiction because the allegations supporting the

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

2.

state-law claim are identical to those supporting the federal claim. *See Bahrampour*, 356 F.3d at 978 (explaining that supplemental jurisdiction exists when state- and federal-law claims "share[ ] a 'common nucleus of operative fact'") (citations and internal quotation marks omitted).

   b. As his Second Cause of Action, Plaintiff alleges Retaliation under 42 U.S.C. §§ 12101 *et seq.* and 12203 and NRS 613.340. (Compl. ¶¶ 48–57.) To the extent the claim arises under 42 U.S.C. §§ 12101 *et seq.* and 12203, this Court has federal question jurisdiction over the Second Cause of Action because it arises "under the . . . laws . . . of the United States." *See* 28 U.S.C. § 1331. To the extent the claim arises under Nevada law, this Court has supplemental jurisdiction because the allegations supporting the state-law claim are identical to those supporting the federal claim. *See Bahrampour*, 356 F.3d at 978 (explaining that supplemental jurisdiction exists when state- and federal-law claims "share[ ] a 'common nucleus of operative fact'") (citations and internal quotation marks omitted).

   c. As his Third Cause of Action, Plaintiff alleges Negligent Hiring, Training, and Supervision. (Compl. ¶¶ 58–64.) In support, Plaintiff alleges that Alliance "fail[ed] to adequately train and supervise their employees by with [sic] lawful policies and procedures of discrimination, harassment, and retaliation," and "hir[ed] individuals with a propensity towards committing unlawful acts" related to such policies and procedures. (Compl. ¶¶ 60–61.) This Court has supplemental jurisdiction over the Third Cause of Action because the claim shares a "common nucleus of operative fact" with Plaintiff's federal claims for disability discrimination, harassment, and retaliation, and there are no facts alleged in the Complaint that would permit discretion to decline supplemental jurisdiction. *See Smith v. K-Mart Corp.*, 899 F. Supp. 503, 506 (E.D. Wash. 1995) (refusing to remand state-law claims of negligence and negligent supervision/retention based on alleged age discrimination, notwithstanding that such claims might "require a showing of duty and breach of duty that goes beyond what is necessary to establish the federal claims"). Moreover, given that Plaintiff asserts his Third Cause of Action based on the same alleged facts and circumstances as his federal claims, litigating the claims in the same action would advance the goals of efficiency and judicial economy by

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

3.

ensuring that those facts and circumstances are not litigated twice in separate actions. *See Ga.-Pac. v. OfficeMax Inc.*, Case No. 12-cv-02797-WHO, 2014 WL 2860267, *6 (N.D. Cal. June 23, 2014) (observing that the purpose of supplemental jurisdiction is to "promote judicial economy" by avoiding "duplicative and fragmented litigation").

      d.    As his Fourth Cause of Action, Plaintiff alleges Luring under False Pretenses under NRS 613.010. (Compl. ¶¶ 65–70.) In support, Plaintiff alleges that Alliance enticed him to become employed by representing that it would provide a "work environment that would be conducive" to his putative disability, but instead "provided an environment that contributed to an exacerbation" of that disability. (Compl. ¶¶ 66–68.) This Court has supplemental jurisdiction over the Fourth Cause of Action because the claim shares a "common nucleus of operative fact" with Plaintiff's federal claims for disability discrimination, harassment, and retaliation, and there are no facts alleged in the Complaint that would permit discretion to decline supplemental jurisdiction. *See Executive Software*, 24 F.3d at 1556 (explaining that the exercise of supplemental jurisdiction under section 1367(a) is mandatory unless there are facts presented supporting one of the grounds for the discretionary decline of jurisdiction under section 1367(c)). Moreover, given that Plaintiff asserts his Fourth Cause of Action based on the same alleged facts and circumstances as his federal claims, litigating the claims in the same action would advance the goals of efficiency and judicial economy by ensuring that those facts and circumstances are not litigated twice in separate actions. *See Ga.-Pac. v. OfficeMax Inc.*, Case No. 12-cv-02797-WHO, 2014 WL 2860267, *6 (N.D. Cal. June 23, 2014) (observing that the purpose of supplemental jurisdiction is to "promote judicial economy" by avoiding "duplicative and fragmented litigation").

5.    This Court also has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 (diversity) because the action is between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

      a.    Plaintiff alleges in his Complaint that he "is . . . an individual residing in Clark County, Nevada." (Compl. ¶ 6). He is therefore a citizen of Nevada. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013) ("[N]umerous courts treat a person's

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

residence as prima facie evidence of the person's domicile [for purposes of determining an individual's citizenship under 28 U.S.C. § 1332].") (citing *Anderson v. Wyatt*, 138 U.S. 694, 706 (1891)).

  b. Plaintiff correctly alleges in his Complaint that Alliance is a citizen of a state other than Nevada. (Compl. ¶ 7.)[1]

  c. Plaintiff's Complaint does not specify the precise amount he seeks to recover in this action, except to assert that it exceeds $15,000.00. (Compl. at 8.) Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Here, the amount in controversy exceeds $75,000 for the reasons stated in subparagraphs (d) through (g):

  d. Plaintiff seeks the following types of monetary relief by virtue of his Complaint, among other types: (1) general damages in excess of $15,000; (2) special damages; (3) punitive damages; and (4) attorneys' fees and costs. (Compl. at 8.)

  e. It is eminently reasonable to expect that the sum at stake in this litigation is in excess of $75,000.00 based solely on Plaintiff's demand for general and special damages. A review of jury verdicts on disability discrimination claims in Nevada federal and state courts from the last 15 years reveals that juries have rendered compensatory damages awards as high as $627,916. *See Beckwith v. Dillards Dept. Stores*, Case No. A-364-772, 1997 WL 1716547 (Nev. Dist. Ct. Nov. 1, 1997). The *lowest* compensatory damages award that a Nevada jury has been willing to render still fell within striking distance of the jurisdictional threshold at $64,217. *See Reaser v. Potlatch Corp.*, Case No. A565184, 2010 WL 7058511 (Nev. Dist. Ct. Mar. 23, 2010). Notably, the plaintiff in *Reaser* also obtained a punitive damages award of

---

[1] Although Plaintiff correctly alleges that Alliance is not a citizen of Nevada, he erroneously states that Alliance is incorporated under the laws of Delaware. In fact, Alliance is a limited liability company organized under the laws of Arizona, whose principal place of business is in Arizona.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

5.

$35,000, bringing her total award to $99,217. *See id.* Finally, the median compensatory damages award in a disability discrimination case easily surpassed the jurisdictional threshold at $92,786. *See Brinson v. Rancho Haven Property Owners Assoc'n*, CV07-01636, 2009 WL 8378721 (Nev. Dist. Ct. Jan. 15, 2009).

    f. Under the Americans with Disabilities Act (the "ADA"), punitive damages are limited by statute to $50,000 for employers with between 15 and 100 employees, and caps increase for employers with 101 employees or more. 42 U.S.C. § 1981a(b)(3). Accordingly, even assuming the lowest cap applies, Plaintiff's request for punitive damages puts an additional $50,000 at stake in this litigation.

    g. Attorney fees incurred before and after removal are also included within the calculation of the amount in controversy, if the plaintiff claims the fees and they are allowed by law. *See Fritsch v. Swift Transportation Co. of Arizona LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The ADA provides that a court in its discretion may allow a reasonable attorney fee to the prevailing party. *See* 42 U.S.C. §12205. A lodestar analysis would govern the calculation of any potential attorney fee award. In *Bell v. VF Jeanswear LP*, the Ninth Circuit reviewed an attorney fee award in excess of $1 million based on an hourly rate of $510. *See* 819 F. Appx. 531, 534 (2020). Rather than decreasing the award, the Ninth Circuit remanded with instructions to *increase* it. *See id*. 819 F. Appx. at 534–35. Here, based on the conservative assumptions that Plaintiff's counsel will devote at least 100 hours of work to this matter at an hourly rate of $250, Plaintiff, if successful, would stand to obtain an attorney fee award of $25,000.

  6. Venue is proper in this Court as this is the court for the district and division embracing the place where the action is pending in state court. *See* 28 U.S.C. §§ 108, 1441(a).

  7. No other defendants are required to join this Notice of Removal.

  8. Alliance will contemporaneously provide written notice of this removal to all adverse parties in accordance with 28 U.S.C. § 1446(d). A copy of that notice is attached here as **Exhibit 4**.

  9. Alliance will also contemporaneously provide notice of removal of the action with the Eighth Judicial District Court in and for Clark County, Nevada, in accordance with 28 U.S.C.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

§ 1446(d). A copy of that notice is attached as **Exhibit 5**.

10. Alliance has attached all pleadings, process, and orders that it has received in this action. Alliance has received no other process, pleadings, or orders other than those attached to this Notice of Removal.

WHEREFORE, Alliance prays that the above-referenced action now pending against it in the Eighth Judicial District Court in and for Clark County, Nevada, be removed therefrom to this Court.

Dated: February 19, 2021          Respectfully submitted,

/s/ *Neil C. Baker*
Z. KATHRYN BRANSON, ESQ.
NEIL C. BAKER, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
ALLIANCE RESIDENTIAL COMPANY, LLC

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

7.

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169-5937. On February 19, 2021, I served the within document(s):

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

☒ By CM/ECF Filing – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Steven H. Burke, Esq.
Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Road
Suite 240
Las Vegas, NV 89148
Email: stevenburkelaw@gmail.com

**Please note due to COVID-19, our offices are working remotely.  As such hard copy will not be mailed.  Please contact me immediately if alternative service needs to be arranged.  Thank you.**

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 19, 2021, at Las Vegas, Nevada.

/s/ *Ann Koorndyk*
Ann Koorndyk

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800