# EXHIBIT 1

# EXHIBIT 1

Electronically Filed
11/16/2020 10:29 AM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
STEVEN H. BURKE, ESQ.
Nevada Bar No. 14037
LAW OFFICE OF STEVEN H. BURKE, LLC
D.B.A. THE 808 FIRM
9205 W. Russell Road, Suite 240
Las Vegas, Nevada 89148
T: 702-793-4369 | F: 702-793-4301
Email: stevenburkelaw@gmail.com

*Attorney for Plaintiff*

CASE NO: A-20-824817-C
Department 6

### EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| ALLAN DOHERTY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANCE RESIDENTIAL COMPANY, LLC.; DOES I through X; and ROE Corporations XI through XX, inclusive,<br><br>Defendant. | Case No.<br>Dept. No.<br><br>**COMPLAINT WITH JURY DEMAND** |

### COMPLAINT

COMES NOW Allan Doherty ("Plaintiff" or "Mr. Doherty"), by and through his attorney, Steven H. Burke, Esq. of Law Office of Steven H. Burke, and hereby files his Complaint and complains of Defendant Alliance Residential Company, LLC. ("Defendant" or "Alliance") as follows:

### VENUE AND JURISDICTION

1. This is a civil action for damages under state and federal laws prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2. Jurisdiction and venue are based upon federal and state law.

3. Jurisdiction and venue are also proper based upon Plaintiff's claims under Nevada state and common law.

4. Plaintiff hereby designates Clark County as the venue for this proceeding per NRS § 13.040 and files in the Eighth Judicial District Court accordingly.

5. The alleged unlawful employment actions occurred in this judicial district.

## PARTIES

6. At all times relevant, Plaintiff is and was an individual residing in Clark County, Nevada.

7. At all times relevant, Defendant is and was a Foreign Limited Liability Corporation incorporated under the laws of the State of Delaware and listed as a Foreign Entity with the Nevada Secretary of State.

8. At all times relevant, Defendant was conducting business in Clark County, Nevada.

9. At all times relevant, Defendant had custody and/or control over Plaintiff and his employment, and Defendant was responsible for Plaintiff's labor and employment matters.

10. At all times relevant, Plaintiff was an employee of Defendant as that term is defined in NRS Chapter 608, NRS Chapter 613, 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

11. At all times relevant, Defendant was Plaintiff's employer as that term is defined in NRS Chapter 608, NRS Chapter 613, 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

12. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does I-X and Roe Corporations XI-XX, inclusive, who are in some manner responsible for the injuries described herein, and who were, upon information and belief, Plaintiff's "employer" is unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Amended Complaint to show their true names and capacities when ascertained.

13. Plaintiff hereby demands a jury trial on all issues triable by jury herein.

## PROCEDUARL REQUIREMENTS

14. Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit. Plaintiff timely filed his charge of discrimination with the Nevada Equal Rights Commission ("NERC") on or about December 21, 2019. *See* a true and correct copy of

Plaintiff's Charge of Discrimination attached hereto as **Exhibit 1**.

15. On or about August 18, 2020, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right to sue. *See* a true and correct copy of Plaintiff's Right to Sue attached hereto as **Exhibit 2**.

## FACTUAL ALLEGATIONS

16. In or about January 18, 2019, Mr. Doherty began his employment with Defendant as a Leasing Agent at Elysian at Flamingo ("Elysian") to market and lease residential apartments.

17. Mr. Doherty was recruited by Defendant's then Business Manager, Cristina DiVicino (Ms. DiVicino").

18. At all times relevant, Mr. Doherty was an exemplary employee while employed by Defendant, and was promoted to Sales Manager.

19. Upon his hire, Mr. Doherty disclosed his medical condition of being diagnosed and subject to continues treatment with the Veteran's Administration for Post-Traumatic Stress Disorder ("PTSD").

20. When Ms. DiVicino recruited Mr. Doherty, she knew of his PTSD and made representations to Mr. Doherty that he would have a safe and friendly work environment.

21. In or about April, 2019, Ms. DiVicino hired Jennifer Maneracharasi ("Ms. Maneracharasi") as a Sales Associate.

22. Mr. Doherty met Ms. Maneracharasi years prior when he was looking at apartments to rent at the Clubs of Rhodes Ranch and had a very negative experience with her.

23. Upon information and belief, Ms. Maneracharasi knew of Mr. Doherty's documented medical condition and provoked him by screaming, yelling, making rude comments to him, and throwing things in the office.

24. Upon information and belief, Ms. Maneracharasi lost several client files with personal information and blamed it on Mr. Doherty.

25. Several of Ms. Maneracharasi's inappropriate actions were made in front of Ms. DiVicino and Ms. Gabriel McAdory ("Ms. McAdory"), Mr. Doherty's Assistant Manager, and they would not do anything to stop or prevent Ms. Maneracharasi's discrimination and disparate

treatment.

26. Ms. Jameelah Whitfield ("Ms. Whitfield) replaced Ms. DiVicino as Mr. Doherty's Business Manager, and she too was acquiescent to Ms. Maneracharasi's discrimination and disparate treatment of Mr. Doherty.

27. Mr. Doherty made several internal complaints to Defendant about Ms. Maneracharasi's actions and Ms. DiVicino, Ms. McAdory, and Ms. Whitfield's acquiescence to Ms. Maneracharsi's discriminatory and disparate treatment.

28. Despite Mr. Doherty's documented medical condition, Mr. Doherty's working conditions became worse and Mr. Doherty understood Defendant's acts as stereotypical and discriminatory on the basis of his disability.

29. Despite this hostile work environment, Mr. Doherty continued to be an excellent employee.

30. Upon information and belief, Alliance did not investigate Mr. Doherty's complaints.

31. After Mr. Doherty made internal complaints, he was subject to several disciplinary actions and an unwarranted discrimination allegation.

32. On or about July 13, 2019, Mr. Doherty requested time off due to an exacerbation of his PTSD.

33. On or about July 19, 2019, Defendant terminated Mr. Doherty.

34. Defendant's termination of Mr. Doherty occurred a short time after Mr. Doherty made internal complaints after returning from a documented medical leave.

35. Defendant's proffered reason of terminating Mr. Doherty was for discriminatory conduct and harassment.

36. Defendant's proffered reason for termination was pretextual.

37. Mr. Doherty was terminated in retaliation for making complaints about Ms. Maneracharasi, Ms. DiVicino, and Ms. Whitfield.

///

///

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION/HARASSMENT
## 42 U.S.C. § 12101 *et seq.* / NRS § 613.330

38. Mr. Doherty hereby realleges and incorporates each and every allegation previously made herein.

39. Mr. Doherty is a veteran with PTSD and as such has a documented disability.

40. Mr. Doherty was an exemplary employee and qualified for his position.

41. Despite his qualifications, Defendant, through the actions of its agents as more fully set forth above, subjected Mr. Doherty to adverse employment actions, including, but not limited to, harassing Mr. Doherty based on his disability and by discriminating against and eventually terminating Mr. Doherty on the basis of his disability.

42. Defendant, through its agents, participated in conduct that was degrading to Mr. Doherty and others with PTSD. Such conduct had the purpose or effect of creating an intimidating, hostile, and offensive work environment, and had the purpose or effect of unreasonably interfering with Mr. Doherty's work performance.

43. The acts and/or omissions of Defendant and its agents complained of herein are in violation of 42 U.S.C. § 12101 *et seq.*

44. The acts and/or omissions of Defendant and its agents complained of herein are in violation of NRS § 613.330 *et seq.*

45. As a direct and proximate result of Defendant's unlawful activity, Mr. Doherty has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

46. The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass or humiliate Mr. Doherty and, thus, Mr. Doherty is entitled to punitive damages with respect to his claim.

47. As a result of Defendant's conduct, as set forth herein, Mr. Doherty has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

///

///

## SECOND CAUSE OF ACTION
## RETALIATION
### 42 U.S.C. § 12203 / 42 U.S.C. § 12101e *et seq.* / NRS § 613.340

48. Mr. Doherty hereby realleges and incorporates each and every allegation previously made herein.

49. As set forth more fully above, Defendant retaliated against Mr. Doherty when he opposed discrimination and unlawful conduct, in good faith, as detailed in his internal complaint(s) and/or discussion(s) with Defendant.

50. There exists a temporal proximity in relation to Mr. Doherty's complaints of unlawful discrimination and Mr. Doherty's resulting termination.

51. Defendant subjected Mr. Doherty to undeserved disciplinary conduct and eventual termination in close proximity after Mr. Doherty complained to Defendant of discriminatory behavior and requested reasonable accommodations.

52. Defendant retaliated against Mr. Doherty when he opposed discrimination and unlawful conduct by terminating Mr. Doherty and subjecting him to harassing behavior.

53. Defendant's termination of Mr. Doherty constituted a retaliatory discharge in violation of 42 U.S.C. § 12203, 42 U.S.C. § 12101 *et seq.*, and NRS § 613.340.

54. By taking these adverse actions, Defendant has engaged in discriminatory practices with malice and/or with reckless disregard to Mr. Doherty's protected rights. As a result, Mr. Doherty has been damaged.

55. As a direct and proximate result of Defendant's unlawful activity, Mr. Doherty has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

56. Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Mr. Doherty is entitled to an award of exemplary or punitive damages.

57. As a result of Defendant's conduct, as set forth herein, Mr. Doherty has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING, AND SUPERVISION

58. Mr. Doherty hereby realleges and incorporates each and every allegation previously made herein.

59. Defendant breached its duty of reasonable care to protect Mr. Doherty from the negligent and/or careless actions of their own agents, officers, employees, customers and others.

60. Defendant breached its duty of reasonable care by hiring individuals with a propensity towards committing unlawful acts against Mr. Doherty.

61. Defendant breached its duty of reasonable care by failing to adequately train and supervise their employees by with lawful policies and procedures of discrimination, harassment, and retaliation.

62. As a direct and proximate result of Defendant's conduct described hereinabove, Mr. Doherty has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000).

63. As a result of Defendant's conduct, as set forth herein, Mr. Doherty has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

64. Defendant acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendant's wrongful conduct, Mr. Doherty is entitled to an award of exemplary or punitive damages.

### FOURTH CAUSE OF ACTION
### LURING UNDER FALSE PRETENSES NRS 613.010

65. Mr. Doherty hereby realleges and incorporates each and every allegation previously made herein.

66. Defendant made false or deceptive representations to Mr. Doherty in order to get him to work for Defendant, including providing a safe and friendly work environment that would be conducive to Mr. Doherty's PTSD.

67. Mr. Doherty relied on Defendant's representations to work for Defendant.

68. Defendant did not provide a safe and friendly work environment; but instead provided an environment that contributed to an exacerbation of Mr. Doherty's PTSD.

69. As a direct and proximate result of Defendant's conduct described hereinabove, Mr. Doherty has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000).

70. As a result of Defendant's conduct, as set forth herein, Mr. Doherty has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For general damages in excess of $15,000.00;
2. For special damages;
3. For consequential damages;
4. For punitive damages;
5. A judgment in the amount of all lawful wages owed to Plaintiff;
6. All damages and penalties owed to Plaintiff under NRS 608.005, *et seq.*;
7. For all damages and relief owed to Plaintiff under the Nevada Constitution and Nevada law;
8. For attorneys' fees and costs incurred in this action; and
9. Such other and further relief as the Court may deem just and proper.

DATED this 16th day of November, 2020.

LAW OFFICE OF STEVEN H. BURKE

By: /s/ Steven H. Burke
STEVEN H. BURKE, ESQ.
Nevada Bar No.: 14037
9205 W. Russell Rd., Ste. 240
Las Vegas, Nevada 89148
T: 702-793-4369 | F: 702-793-4301
Email: stevenburkelaw@gmail.com
*Attorney for Plaintiff*

EXHIBIT "1"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>487-2019-01683 |
|---|---|---|
| NEVADA EQUAL RIGHTS COMMISSION | | and EEOC |
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)*<br>MR. ALLAN M DOHERTY | Home Phone<br>(702) 682-4998 | Year of Birth<br>1970 |
|---|---|---|
| Street Address<br>5731 KEVIN WINTERS STREET, | City, State and ZIP Code<br>LAS VEGAS, NV 89120 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>ALLIANCE RESIDENTIAL LLC | No. Employees, Members<br>15 - 100 | Phone No.<br>(602) 778-2819 |
|---|---|---|
| Street Address<br>2525 EAST CAMELBACK ROAD, SUITE 500, | City, State and ZIP Code<br>PHOENIX, AZ 85016 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)*<br>☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest: 01-31-2019   Latest: 07-19-2019<br>☒ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

In or around January 2019, I was hired by ALLIANCE RESIDENTIAL LLC, as a Leasing Agent. My last job title was Sales Manager.

I informed ALLIANCE RESIDENTIAL LLC, of my medical condition during hiring. Since on or about April 20, 2019, I have been harassed by an employee. For example, but not limited to; the employee harassing me in an attempt to produce a reaction related to my medical condition. I informed my manager of the harassment, however, no action was taken to promptly correct or investigate the matter. I informed ALLIANCE RESIDENTIAL LLC of my need for a reasonable accommodation. ALLIANCE RESIDENTIAL LLC failed to engage in the interactive process. Subsequently, on or about July 19, 2019, I was discharged. Additionally, during my employment I was subjected to offensive age-related comments by employees. For example, but not limited to; being referred to 'old man' by employees.

I believe I have been discriminated against because of my disability, and retaliated against for engaging in protected activity, in violation of, the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Allan Doherty on 12-21-2019 08:44 AM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>487-2019-01683 |
|---|---|---|
| NEVADA EQUAL RIGHTS COMMISSION | | and EEOC |
| *State or local Agency, if any* | | |

**Additionally, I believe I have been discriminated against because of my Age (40+), in violation of, the Age Discrimination in Employment Act of 1967, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Allan Doherty on 12-21-2019 08:44 AM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**EXHIBIT "2"**

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Allan M. Doherty<br>c/o: LAW OFFICE OF STEVEN H. BURKE<br>Attn: Steven H. Burke, Esq.<br>9205 W. Russell Road, Suite 240<br>Las Vegas, NV 89148 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2019-01683 | Saul Vazquez,<br>Investigator | (702) 388-5812 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission:

Tamara M. West

Digitally signed by Tamara M. West
DN: cn=Tamara M. West, o=EEOC,
ou=Director-LVLO,
email=tamara.west@eeoc.gov, c=US
Date: 2020.08.18 08:53:56 -07'00'

Enclosures(s)

Tamara West,
Local Office Director

(Date Mailed)

cc:  Kevin Green
Director of Human Resources & Legal Counsel
ALLIANCE RESIDENTIAL COMPANY
2525 EAST CAMELBACK ROAD, SUITE 500
Phoenix, AZ 85016

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.